**Theodore R. MOLINE, Plaintiff–Appellant,**

v.

**The CITY OF CASTLE ROCK; Castle Rock Police Department; Castle Rock Fire & EMS; Robert Heuer, individually and in his capacity as police chief for City of Castle Rock; Brandon McNew, individually and in his capacity as a police officer for the Castle Rock Police Department; James Queen, individually and in his capacity as a reserve officer for Castle Rock Police Department; Eric Koreis, individually and in his capacity as chief of Castle Rock Fire & EMS; Kyle McCoy, individually and in his capacity as captain for the Castle Rock Fire & EMS, Defendants–Appellees.**

No. 06–35045.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Nov. 2, 2007.

Philip A. Talmadge, Esq., Emmelyn Hart–Biberfeld, Esq., Talmadge Law Group, PLLC, Tukwila, WA, for Plaintiff–Appellant.

John Thomas Kugler, Esq., Burgess Fitzer, PS, Tacoma, WA, for Defendants–Appellees.

Before: D.W. NELSON, BEAM *, and RYMER, Circuit Judges.

## MEMORANDUM **

Theodore Moline appeals the district court's grant of summary judgment in favor of the individual defendants, Officer Brandon McNew, Officer James Queen and Paramedic Captain Kyle McCoy, and in favor of the City of Castle Rock and two City officials, on his claims under 42 U.S.C. § 1983, arising out of a confrontation with Washington State police and emergency medical personnel at his home on August 1, 2003. He also asks this court to award him the fees incurred on this appeal, pursuant to 42 U.S.C. § 1988, if we find in his favor. As the parties are familiar with the factual record, we do not recount it here.

We review a district court's grant of summary judgment *de novo*, taking the evidence in the light most favorable to the nonmovant. *Dominguez–Curry v. Nev. Transp. Dep't*, 424 F.3d 1027, 1033 (9th Cir.2005). To determine whether the individual officers are entitled to qualified immunity, we engage in a two-part inquiry. *Saucier v. Katz*, 533 U.S. 194, 201–02, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). First, we must determine whether the facts alleged, taken in the light most favorable to the nonmovant, demonstrate that the officers violated a constitutional right. *Id.* at 201, 121 S.Ct. 2151. If the facts alleged do not amount to the violation of a constitutional right, the officers are entitled to qualified immunity and no further analysis is required. *Id.* If, however, the answer to this initial inquiry is yes, we must then consider whether, in light of the law existing at the time of the challenged action, a reasonable officer would have known that his conduct was unlawful under the circumstances confronted by the defendant officers. *Id.* at 201–02, 121 S.Ct. 2151.

Here, we need only consider the first step in this analysis. Having reviewed the record and Moline's arguments on appeal, we conclude that no violation of Moline's Fourth or Fourteenth Amendment rights occurred. Accordingly, neither the individual officers nor the municipal defendants are liable. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (per curiam) (holding that a municipality cannot be liable under section 1983 where the individual officers did not violate the plaintiff's constitutional rights). We therefore affirm the district court's grant of summary judgment to all defendants.

As Moline is not the prevailing party on this appeal, he is not entitled to a fee award under 42 U.S.C. § 1988. *Cummings v. Connell*, 402 F.3d 936, 946 (9th Cir.2005) (stating that a litigant must succeed on the merits of at least some claims to be entitled to a fee award under section 1988).

**AFFIRMED.**

---

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.